```
F3D0NASP                    Plea

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

           v.                            S(1)13 CR 0950-3(TPG)

PETER PHILIP NASH,

                Defendant.

------------------------------x
                                         New York, N.Y.
                                         March 13, 2015
                                         2:30 p.m.


Before:

                    HON. THOMAS P. GRIESA,

                                         District Judge


                         APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
SERRIN A. TURNER
TIMOTHY TURNER HOWARD
Assistant United States Attorneys

ANDREW J. FRISCH
AMANDA BASSAN
Attorneys for Defendant


Present:

GARY ALFORD, IRS
MITCHELL THOMPSON, FBI
```

1                (In open court; defendant present)
2                THE DEPUTY CLERK:  All rise.
3                Sentencing in the matter of United States v. Peter
4    Philip Nash -- plea, rather, excuse me.  The clerk stands
5    corrected.
6                THE COURT:  Sit down, please.
7                THE DEPUTY CLERK:  Thank you.
8                THE COURT:  What is the application?
9                MR. FRISCH:  Application is that Mr. Nash plead guilty
10   without a plea agreement to counts one and three of the
11   superseding indictment 113 CR 950.
12               THE COURT:  Can I question your client?
13               MR. FRISCH:  Of course, your Honor.  Yes.
14               THE COURT:  Mr. Nash, keep seated, because the
15   microphone won't pick you up otherwise.
16               How old are you?
17               THE DEFENDANT:  I'm 42.
18               THE COURT:  Okay.  And you are represented here by
19   your attorney?
20               THE DEFENDANT:  I am.
21               THE COURT:  What is your name, sir, I --
22               MR. FRISCH:  Andrew Frisch, F-R-I-S-C-H.
23               THE COURT:  And you're with --
24               MS. BASSAN:  Amanda Bassan.
25               THE COURT:  All right.

1             Mr. Nash, are you satisfied with your attorneys'
2     representation and advice?
3             THE DEFENDANT:  I am.
4             THE COURT:  Has any force or threats been made to get
5     you to plead guilty?
6             THE DEFENDANT:  No, they haven't, your Honor.
7             THE COURT:  Now, I want to dwell for a moment on the
8     question of sentencing.  And I won't go into that in all
9     detail, but has your attorney gone over with you the letter of
10    March 12 of this year?
11            THE DEFENDANT:  He has, your Honor.
12            THE COURT:  Is that correct, Mr. Frisch?
13            MR. FRISCH:  It is correct; yes, your Honor.
14            THE COURT:  And on the first page of that letter,
15    there is a statement to the effect that anyone convicted of the
16    crime charged here, must be sentenced to at least a minimum of
17    10 years prison.  And the sentence can go as high as life.  Are
18    you aware of that?
19            THE DEFENDANT:  I am, your Honor.
20            THE COURT:  Any prison term would be followed by a
21    supervised release term.  And that must be a minimum of five
22    years.  And that can go as high as life.  Do you understand
23    that?
24            THE DEFENDANT:  I do, your Honor.
25            THE COURT:  And in addition to any other feature of

1    the sentence, there can be, at lease in theory, there can be a
2    very large fine imposed.  Are you aware of that?
3             THE DEFENDANT:  I am, your Honor.
4             THE COURT:  And in addition to any other feature of
5    the sentence, there must be a 100-dollar special assessment on
6    any count you plead to.  Do you understand that?
7             THE DEFENDANT:  Yes, your Honor.
8             THE COURT:  Now, do you understand that this sentence
9    to be imposed is up to the court to decide.  And I can make no
10   decision about that this afternoon.  I can only make such a
11   decision -- if you do plead guilty, I can only make such a
12   decision after I have had a full report about you, and your
13   background, heard from the lawyers, and heard from you.  And
14   none of that can be done this afternoon, do you understand?
15            THE DEFENDANT:  Yes, I do, your Honor.
16            THE COURT:  Now.  I want to ask you some -- before I
17   go farther, I think it would help if the Assistant United
18   States Attorney would summarize the charges.  I think that
19   would be efficient, both for the Court and for everybody else.
20            MR. TURNER:  Certainly, your Honor.
21            There are two counts.
22            THE COURT:  Keep seated because of the microphone.
23            MR. TURNER:  Thank you.
24            This are two counts that the defendant, as the
25   government understands it, intends to plead guilty to.

1           The first is count one of the indictment, which is a
2   narcotics trafficking conspiracy charge.  The elements of that
3   offense are, first, that two or more persons, directly or
4   indirectly, reached an agreement to distribute narcotics;
5   second, that each defendant knew of, or each conspirator knew
6   of the unlawful purpose of the agreement; third, that the
7   defendant joined in that agreement willfully, that is with the
8   intent to further its unlawful purpose.
9           THE COURT:  Look, tell me factually what you say he
10  did.
11          MR. TURNER:  Yes, your Honor.
12          So the defendant worked as a paid employee of a
13  website that was essentially an on-line market for distributing
14  illegal drugs and distributed them, in aggregate, in very large
15  quantities.  Approximately $200 million worth of narcotics
16  sales were conducted at the site.
17          THE COURT:  How much?
18          MR. TURNER:  $200 million.
19          THE COURT:  Okay.
20          MR. TURNER:  So the last element of the offense, that
21  is the overall scope of the conspiracy, involved at least the
22  quantities of drugs described in the indictment, which are
23  (b)(1)(a)quantities.
24          THE COURT:  All right.
25          MR. TURNER:  Count three is a money laundering

1     conspiracy count.  The site functioned in a way that helped the
2     drug dealers operating on the site to conceal their drugs from
3     law enforcement.  And the people operating the site and helping
4     to operating the site, including the defendant here, are
5     alleged to have known that the moneys flowing through the site
6     were proceeds of narcotics trafficking.  And that the
7     transactions being carried on the site were being done in a way
8     to promote the carrying on of narcotics trafficking, and were
9     being done in a way to help conceal or disguise the nature,
10    location, source, ownership, or control of those moneys.
11             That is the gravamen of count three.
12             THE COURT:  Mr. Nash, did you hear what the assistant
13    said in summarizing the charge?
14             THE DEFENDANT:  I did, your Honor.
15             THE COURT:  All right.  Now, I'm going to ask you some
16    questions to make sure you understand the rights that you are
17    giving up by pleading guilty.
18             Do you understand that you do not need to plead
19    guilty, and you can maintain a plea of not guilty and go to
20    trial.  Do you understand that?
21             THE DEFENDANT:  I do, your Honor.
22             THE COURT:  And if you did that, in order to obtain a
23    conviction, the government would have to prove your guilt to a
24    jury by proof beyond a reasonable doubt.  Do you understand
25    that?

1           THE DEFENDANT:  Yes, I do, your Honor.
2           THE COURT:  And at that trial, which you would have a
3  right to, you would have a right to an attorney at all times.
4  And you would also have a right to an attorney on any appeal.
5  And you would have a right to have the government pay for your
6  attorney if you could not pay for one yourself.
7           Do you understand that?
8           THE DEFENDANT:  I do, your Honor.
9           THE COURT:  And at the trial, which you would have a
10 right to, your attorney would have a right to cross-examine all
11 government witnesses and obtain a court order bringing in any
12 witnesses who might help you.  Do you understand that?
13          THE DEFENDANT:  Yes, I do, your Honor.
14          THE COURT:  And you, yourself, would have a right to
15 remain silent at that trial.  You wouldn't have to confess
16 anything, admit anything.  You could remain silent.  And the
17 Court would instruct the jury that they could draw no
18 inferences against you for your not saying anything.
19          Do you understand that?
20          THE DEFENDANT:  Yes, I do, your Honor.
21          THE COURT:  And now if you plead guilty, there will be
22 no trial.  You will be convicted on the basis of your own plea
23 and your own admission.  And you will need to tell the Court,
24 in your own words, what you did to commit the offense that is
25 charged here, and/or the offenses, plural, that are charged

1    here.  And the offenses that you are pleading to.
2              Do you understand that?
3              THE DEFENDANT:  Yes, I do, your Honor.
4              THE COURT:  And you will need to make all statements
5    in that regard truthfully, or else you will be guilty of a new
6    crime of false statements.
7              Do you understand that?
8              THE DEFENDANT:  Yes, I do, your Honor.
9              MR. TURNER:  Your Honor.
10             THE COURT:  What.
11             MR. TURNER:  May I ask that the Court advise the
12   defendant that he would also have the right to subpoena
13   witnesses for trial.
14             THE COURT:  I didn't hear you.
15             MR. TURNER:  The government would ask that the Court
16   also advise the defendant that he would have the right to
17   subpoena witnesses for trial.  I'm not sure the Court mentioned
18   that.
19             THE COURT:  I just said that, get a court order.
20             MR. TURNER:  Thank you, your Honor.
21             THE COURT:  Same as subpoena.
22             Now, if you still wish to plead guilty, would you tell
23   the Court, in your own words, what you did to commit the
24   offenses that are charged here.
25             THE DEFENDANT:  Yes, your Honor.

1              In 2013, I was working in Brisbane, Australia, as a
2    senior manager of forensic disability service that provided --
3              THE COURT:  Speak a little slower, please.
4              THE DEFENDANT:  In 2013, I was working in Brisbane,
5    Australia as a senior manager of a forensic disability service
6    that provided intensive support and rehabilitation for adults
7    with intellectual disabilities and offending behaviors.
8              For various reasons, my work became very stressful,
9    challenging, and isolating.  I became aware of a website called
10   Silk Road.  And with that, I became involved for two reasons.
11             Firstly, I was able to buy controlled substances for
12   my own personal use.  And I found a place for social
13   connections.
14             The person whom I believe ran the website, whom I
15   never met in person and only ever knew as a pseudonym, asked
16   me, on line, to moderate a chat forum, which I did for around
17   10 months.  As moderator of the chat forum, I was mostly
18   responsible for keeping an eye out for scams, deleting anything
19   related to child pornography, answering questions, and deleting
20   spam.  For me, it was mostly a place to socialize.
21             I was paid a total of about 25 to $30,000, the entire
22   time I was moderating the chat forum, all of which I used for
23   purchasing more drugs, for my own consumption.
24             On the 20th of December, 2013, I was about to leave
25   Australia for Europe, where I was intending to propose to my

1  fiance, who was then a doctoral student in organizational
2  psychology.  I was, however, arrested on that day on an
3  extradition warrant for the Southern District of New York.  And
4  I have been incarcerated ever since.
5         I deeply regret my conduct, and any subsequent harm
6  that has been caused.
7         THE COURT:  All right.  I think that's a sufficient
8  allocution.  Does the government?
9         MR. TURNER:  Your Honor, just as to the money
10 laundering, I would ask that the defendant allocute that he was
11 aware that the proceeds flowing through the site were proceeds
12 of narcotics trafficking.  And the acts that he took in
13 furtherance of the site were done with the understanding that
14 the money was promoting the carrying on of drug trafficking,
15 and was being processed in a way to hide those moneys from law
16 enforcement.
17        THE COURT:  Did you hear the question of the
18 assistant?
19        THE DEFENDANT:  Yes, I did, your Honor.
20        THE COURT:  And is the answer -- is he stating the
21 accurate facts?
22        THE DEFENDANT:  He is, your Honor.  Yes.
23        THE COURT:  All right.
24        MR. TURNER:  And as to count one, I would ask the
25 defendant allocute that he understood that the quantities of

1    drugs involved, in the Silk Road website, at least met the
2    quantities described in the indictment.
3            MR. FRISCH:  May I have a moment with Mr. Nash, your
4    Honor?
5            THE COURT:  Wait.  I didn't understand your question.
6            MR. TURNER:  I would ask the defendant allocute that
7    he understood the quantities of drugs that were distributed
8    through Silk Road met the quantities described in the
9    indictment.  That it involved at least a kilogram of heroin,
10   5 kilograms of cocaine, or 10 grams of LSD, or 500 grams of
11   methamphetamine.
12           MR. FRISCH:  May I have a moment with Mr. Nash, your
13   Honor?
14           THE COURT:  Of course.
15           MR. FRISCH:  Your Honor, my view is that Mr. Nash's
16   allocution is sufficient to make out a drug conspiracy.  It may
17   well be there will be an issue we'll have at sentencing about
18   quantity.  My sense is there won't be.  But, in any event,
19   that's where we should be discussing quantity, not with regard
20   to the sufficiency of the allocution that Mr. Nash just
21   provided with regard to his guilt of trafficking in drugs.
22           MR. TURNER:  I don't believe that is correct, your
23   Honor.  If we went to trial, we would be required to prove that
24   in order to establish the (b)(1)(A) violation.  Under Supreme
25   Court case law, that sentencing enhancement can't be imposed

1     unless the defendant is convicted of that part of the statute.
2             THE COURT:  Now, the drugs and quantities you referred
3     to, repeat that, please.
4             MR. TURNER:  They are the (b)(1)(A) quantities, your
5     Honor, under 841(b)(1)(A).  So 1 kilogram or more of heroin,
6     5 kilograms or more --
7             THE COURT:  Wait a minute.
8             1 kilogram or more of heroin.
9             MR. TURNER:  5 kilograms or more of cocaine.
10            Ten grams or more of LSD.  Or 500 grams or more --
11            THE COURT:  Just a moment, I'm --
12            MR. TURNER:  Sure.
13            THE COURT:  How much LSD?
14            MR. TURNER:  10 grams.
15            500 grams or more of methamphetamine.
16            THE COURT:  10 grams or -- go back a step.
17            10 grams or more of what?
18            MR. TURNER:  LSD, L-S-D.
19            THE COURT:  Oh, LSD.  And then what was the last item?
20            MR. TURNER:  500 grams or more of methamphetamine;
21    m-e-t-h-a-m-p-h-e-t-a-m-i-n-e.
22            In the absence of an allocution on that from the
23    defendant, I don't think there is a sufficient basis to accept
24    the plea.
25            THE COURT:  What did you just say?

1           MR. TURNER:  In the absence of an allocution from the
2    defendant on that part of the charge, I do not think that there
3    is a sufficient bases for a plea.  And we're happy to go to
4    trial on that point.
5           THE COURT:  Well, what the government is saying, is if
6    there is no admission, today, of these drugs and quantities,
7    that they will basically recommend that the plea not be
8    accepted today; is that right?
9           MR. TURNER:  Yes, your Honor.
10          I'm happy to confer with defense counsel.
11          THE COURT:  What?
12          MR. TURNER:  I'm happy to confer with defense counsel
13   for a moment.
14          THE COURT:  Why don't you do that.
15          MR. FRISCH:  It's not necessary.  I don't think there
16   is a dispute about this.  So to the extent that your Honor, or
17   Mr. Turner, wishes to address that question to Mr. Nash, he is
18   prepared to answer it.
19          THE COURT:  All right.
20          Mr. Nash, I'm just going over what the government
21   lawyer has said.  But did your illegal activity involve 1
22   kilogram or more of heroin, and five kilograms or more of
23   cocaine.  And 10, I think 10 grams or more of LSD -- is that
24   right?
25          MR. TURNER:  Yes, your Honor.

1     THE COURT:  And 500 grams or more of methamphetamine.
2     Do you admit that your illegal activity involved those
3  drugs and those quantities?
4     MR. FRISCH:  Could I put a gloss on your Honor's
5  question?
6     THE COURT:  Please.
7     MR. FRISCH:  And the gloss would be, and if I could
8  address the question to Mr. Nash.
9     Mr. Nash, do you understand that the website for which
10  you were working dealt in the quantities of controlled
11  substances that Judge Griesa just mentioned?
12     THE DEFENDANT:  Yes, I was.
13     THE COURT:  Yes, that's a better, more precise
14  question.  Thank you.
15     I accept the plea, find that it is voluntary and
16  factually based as to counts one and three.
17     The date for sentencing is set for May 25th, this
18  year, at 4:30 in the afternoon.
19     THE DEPUTY CLERK:  Judge May 26th.
20     THE COURT:  Okay, I couldn't read it.
21     Okay, May 26.  May 26 is the correct date.
22     All right, is there anything else?
23     MR. TURNER:  Yes, your Honor.  The government would
24  ask the Court to make sure the defendant understands that he is
25  also subject to forfeiture as a result of pleading guilty.

F3D0NASP                          Plea

1          THE COURT:  Do you so understand?
2          THE DEFENDANT:  Yes, your Honor.
3          MR. TURNER:  Thank you.
4          THE COURT:  Just a minute.  Is there an issue about
5  deportation, potentially?
6          MR. TURNER:  Yes, the defendant is subject to
7  deportation.  He is not an American citizen.
8          THE COURT:  Do you so understand?
9          THE DEFENDANT:  Yes, I do, your Honor.
10         THE COURT:  All right.  Anything else?
11         All right that concludes the proceeding.
12         MR. FRISCH:  Thank you, your Honor.
13         MR. TURNER:  Thank you, your Honor.
14         THE DEPUTY CLERK:  Court will stand adjourned.
15         (Adjourned)